## REYNOLDS CORPORATION v.
## MORSE et al.
### C. A. 3110-48.

United States District Court
District of Columbia, Civil Division.
Nov. 24, 1948.

Walter L. Rice, of Richmond, for plaintiff.

Bessie Margolin, Asst. Sol., Department of Labor, of Washington, D. C., for defendant.

LAWS, Chief Judge.

In 1941 and 1943 plaintiff corporation was awarded two Government contracts which contained provisions requiring it to maintain certain labor standards pursuant to the Public Contracts Act, 41 U.S.C.A. §§ 35–45. One of these standards is that there shall not be any employment of child labor in fulfilling a Government contract and that if there is such employment, three courses of procedure are open to the Government: first, liquidated damages fixed by the Public Contracts Act may be deducted from any payments due by the Government under the contract; second, the Government may bring suit to enforce payment of such liquidated damages; and third, the contractor may be "blacklisted", by not being permitted to make contracts with agencies of the Government for a period of three years.

The Secretary of Labor is charged with administering the standards prescribed. By Sections 38 and 39 of the Act, the Secretary is given power to make investigations and findings of fact, after notice and hearing, which shall be conclusive in any court in the United States if there is found to be a preponderance of evidence to support it.

On September 11, 1947, complaint was filed against plaintiff by the Secretary of Labor before the Division of Public Contracts of the Department of Labor, alleging plaintiff had violated its contracts with the Government by illegally employing child labor. The last alleged violation occurred on September 30, 1944. The corporation filed a motion to dismiss the complaint before the Division of Public Contracts based on the claim that applicable Statutes of Limitations had run against all proceedings authorized to be taken against plaintiff. This motion was denied. Hearings in the matter of the alleged breaches of contract were scheduled to begin before the Department of Labor on October 12, 1948.

Plaintiff filed this suit on July 29, 1948, against individual members of the Department of Labor concerned with carrying on the hearings, seeking a declaratory judgment: (1) that under the Statute of Limitations of two years provided by the Portal-to-Portal Act, 29 U.S.C.A. § 255, any action to recover liquidated damages for the alleged breaches of the Public Contracts Act has been barred; and (2) that contracts with the United States cannot be refused plaintiff under the provisions of Section 37 of said Act, for the reason that the period of three years' limitation provided by the

138

Public Contracts Act within which blacklisting might be imposed has expired. Plaintiffs also claim that all payments under the contracts have been made and therefore the Government is not able to withhold any sums from plaintiffs.

Defendants have moved to dismiss this suit, claiming (1) it is a suit against the United States without its consent; (2) that the administrative remedies have not been exhausted, as required before suit may be filed; (3) that the Attorney General is an indispensable party; and (4) that the remedies available to the Government are not barred by applicable Statutes of Limitation.

Several of the points made by the defendants need not be decided at this time for the reason that the complaint in this case is brought against improper parties defendant. The defendants named are officials of the Department of Labor, each of whom is sued in his individual capacity. The United States is not named, notwithstanding the sole relief sought is a declaratory judgment barring its possible rights (a) to deny for a period of time future contracts to plaintiff and (b) to bring suit against plaintiff for liquidated damages.

From my study of applicable legal authorities, it appears a suit against an employee of the United States in his individual capacity is permitted only when personal action on the part of the employee is required to be restrained or commanded. The employee is permitted to be sued in personam because a judgment against the United States will not accomplish the relief to which the plaintiff is lawfully entitled. In such a case, it is not important that other officials of the United States shall be advised of the suit, or be bound by it, for the reason that the action commanded against the individual will grant full and complete relief.

In the case at bar, counsel for plaintiff at the oral argument of the motion to dismiss expressly disclaimed seeking any relief by way of restraining the individual defendants or compelling them to do an act. As previously stated, what the suit seeks is a judgment barring possible claims by the United States. The United States is the primary party in interest. Its claims

may be asserted by officials other than those named in the suit, and in the event they are asserted, judgment against the individual defendants sued in this case may not be pleaded as res judicata. By analogy, the present suit is comparable to one in which certain officers of a private corporation would be sued, where the object of the proceeding is to obtain a judgment barring substantial rights of the corporation. In such a case, it is obvious the suit would be dismissed for want of the proper party defendant.

This Court does not now pass upon the question as to whether the United States may be sued in the case at bar, as plaintiff contends is permissible under the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202. What is decided is that in any case where the sole relief sought is a declaratory judgment which will bar rights of the United States to bring a suit, it is required that the United States be named as party defendant, and plaintiff may not meet this requirement by suing certain public officials in their individual capacity.

The conclusions of the Court which have been stated require the motion to dismiss the complaint to be granted.