CAPITOL COAL SALES, Capitol Coal Sales, Inc., and Raymond Asbury, Maurice Asbury and Lee Asbury, doing business as Asbury Coal Company, Plaintiffs,

v.

James P. MITCHELL, Secretary of Labor, and Joseph Campbell, Comptroller General et al., Defendants.

Civ. A. 401–58.

United States District Court
District of Columbia.

July 15, 1958.

Noone & Noone, Chattanooga, Tenn., John P. Bankson, Jr., Miller & Schroeder, Washington, D. C., for plaintiffs.

George Cochran Doub, Asst. Atty. Gen., and Donald B. MacGuineas and Arthur H. Fribourg, Attys., Dept. of Justice, Washington, D. C., and Stuart Rothman, Solicitor, John J. Babé, Asst. Solicitor, and James M. Miller and William A. Lowe, Attys., Dept. of Labor, Washington, D. C., for defendants.

MORRIS, District Judge.

This action, for a declaratory judgment and injunctive relief, was brought by the plaintiff Capitol Coal Sales in the United States District Court for the Eastern District of Tennessee, and transferred by that Court, upon the motion of said plaintiff for a change of venue, to this Court pursuant to 28 U.S.C. Sec. 1406(a).

Pursuant to motion of plaintiff, memorandum of points and authorities, affidavit, exhibit, and argument of counsel in open court, wherein the following appeared to the Court:

"That the original plaintiff is a proprietorship engaged in the business of contracting to supply coal to agencies of the United States Government;

"That defendants and their agents had given notice that plaintiff had been found, in proceedings before the Department of Labor, identified as PC–639, to have breached the requirements of labor standards of the Walsh-Healey Public Contracts Act:

"That pursuant to the provisions of Section 3 of said Act, defendant Secretary of Labor had notified defendant Comptroller General to include plaintiff's name, and the names of firms and corporations in which plaintiff has a controlling interest, on the list of those ineligible to contract with agencies of the United States Government for three years;

"That the defendant Secretary of Labor had determined that the Act applies on the basis that several separate contracts, each less than $10,-000, entered into between plaintiff and the Atomic Energy Commission following a single invitation to bid, may be considered together to determine whether more than $10,000, the jurisdictional minimum amount required to bring into effect the provisions of said Act;

"That plaintiff had instituted the captioned proceeding for declaratory judgment, raising, inter alia, the question whether defendant may group several contracts entered into in response to a single invitation to bid for the purpose of reaching the statutory jurisdictional amount under Section 1 of said Act, and that such action was not at issue on the merits because defendant had been granted thirty days within which to file an amended motion to dismiss."

the defendants were restrained temporarily from taking any further action to

cause the publication of ineligibility as to the plaintiff under the provisions of Section 3 of the Walsh-Healey Public Contracts Act (hereinafter referred to as the Act), 49 Stat. 2036, 41 U.S.C.A. Sections 35–45, as a result of the proceedings in the Department of Labor until a hearing on plaintiff's motion for a temporary injunction, pursuant to which a rule to show cause issued. Subsequently the other parties plaintiff were added, to whom the terms of the temporary restraining order and motion to show cause were ordered to apply, as was the defendant Joseph Campbell, Comptroller General, "for the limited purpose of receiving any orders of this Court to enforce its extraordinary process herein."

The matter is before the Court on the motion of plaintiffs for temporary injunction, and on the amended motion of the defendants to dismiss, the temporary restraining order being extended by agreement of all parties until July 16, 1958.

█ At the threshold, the question to be decided is whether the plaintiffs have standing to sue. It is insisted by the Government that they do not under the authority of Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108, which they urge makes it mandatory to dismiss the suit. There the Secretary of Labor had fixed, subsequent to a hearing pursuant to notice, at which the plaintiffs and many other iron and steel companies were represented, the necessary minimum wage for work on government contracts on the basis of wages prevailing over a broad region, which the plaintiffs urged was an erroneous definition of the word "locality" in the Act. The suit was by corporations customarily selling such goods to the Government, which paid lesser minimum wages than determined by the Secretary of Labor, and which asserted they would suffer irreparable injury from loss of Government business or from the necessity of increasing the wages paid by them. The Court said, 310 U.S. at page 125, 60 S.Ct. at page 875:

"We are of opinion that no legal rights of respondents were shown to have been invaded or threatened in the complaint upon which the injunction of the Court of Appeals was based. It is by now clear that neither damage nor loss of income in consequence of the action of Government, which is not an invasion of recognized legal rights, * * * in the absence of constitutional legislation recognizing it as such. It is not enough that the Secretary of Labor is charged with an erroneous interpretation of the term 'locality' as an element in her wage determination. Nor can respondents vindicate any general interest which the public may have in the construction of the Act by the Secretary and which must be left to the political process. Respondents, to have standing in court, must show an injury or threat to a particular right of their own, as distinguished from the public's interest in the administration of the law."

and at page 127 of 310 U.S., at page 876 of 60 S.Ct.:

"Like private individuals and businesses the Government enjoys the unrestricted power to produce its own supplies, to determine those with whom it will deal, and to fix the terms and conditions upon which it will make needed purchases. Acting through its agents as it must of necessity, the Government may for the purpose of keeping its own house in order lay down guide posts by which its agents are to proceed in the procurement of supplies, and which create duties to the Government alone. It has done so in the Public Contracts Act. That Act does not depart from but instead embodies the traditional principle of leaving purchases necessary to the operation of our Government to administration by the executive branch of Government, with adequate range of discretion free from vexatious and dilatory restraints at

the suits of prospective or potential sellers. It was not intended to be a bestowal of litigable rights upon those desirous of selling to the Government; it is a self-imposed restraint for violation of which the Government—but not private litigants—can complain.

\*     \*     \*     \*     \*

"Our decision that the complaining companies lack standing to sue does not rest upon a mere formality. We rest it upon reasons deeply rooted in the constitutional divisions of authority in our system of Government and the impropriety of judicial interpretations of law at the instance of those who show no more than a mere possible injury to the public."

The Government has also cited the case of Alabama Power Company v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374, as authority for the dismissal of this case. There complaint was made that the Secretary of the Interior was acting in violation of the applicable statutes and of the Constitution in using public funds to subsidize the construction of a municipal power system, which it was asserted would destroy the worth of properties owned by the Alabama Power Company, and the Supreme Court held that the action must be dismissed without regard to the contention that the administrative action was in violation of law and of the Constitution, because the Alabama Power Company had no standing to sue. The instant case is distinguishable from both the Lukens case and the Alabama Power Company case. Here the plaintiffs were parties in the proceeding in the Labor Department, and as a result of the findings and decision therein, they have been subjected to the payment of liquidated damages pursuant to the Act, which it is alleged is not applicable to their contracts, and also, pursuant to the Act, their names have been submitted to the Comptroller General for inclusion on the list of those ineligible to contract with agencies of the Government, a business which it is alleged comprises over 90 per cent of the business of the original plaintiff. The Government insists that this places plaintiffs in a comparable position to that of the plaintiffs in the Lukens case, and that no right exists in the plaintiffs to be free from the ineligibility to contract with governmental agencies. I do not agree with this contention. Certainly plaintiffs have no right to be free of such ineligibility if they have violated the conditions of the Act. There is a vast difference, in my opinion, from being unable to contract with the Government because of standards fixed by the Government applicable to the public generally and a specific determination that the plaintiffs are ineligible to enter into such a contract because of dereliction on their part if such determination is made in a proceeding that is beyond the statutory power of the Secretary of Labor to conduct. There is also a vast difference between the status of a party who claims that he is unable to meet the competition caused by governmental action, such as in the Alabama Power Company case, and plaintiffs who are prohibited from entering into a contract with the Government because of specific ineligibility determined by the Secretary of Labor in a proceeding which he had no statutory power to conduct. It seems to me to be clear that a party so situated and so aggrieved by the alleged unlawful action of the Secretary of Labor has a right to have a determination of the law by a court in an appropriate proceeding. I am not here making any determination as to whether or not the construction of the Act by the Secretary of Labor is right or wrong. I am only saying that I believe plaintiffs have a right to a judicial determination of that action. The Act specifies that, in any contract made and entered into by any agency of the United States for the manufacture or furnishing of materials, supplies, etc., "exceeding $10,000," certain representations and stipulations respecting labor standards shall be included. Thus contracts not in excess of $10,000 are without the scope of the Act.

The Act further provides:

"Sec. 6. \* \* \* The Secretary of Labor may provide reasonable limitations and may make rules and regulations allowing reasonable variations, tolerances, and exemptions to and from any or all provisions of this Act respecting minimum rates and pay and maximum hours of labor or the extent of the application of this Act to contractors, as hereinbefore described."

The proceedings in the Labor Department were based upon Section 3(e) (3) of *Rulings and Interpretations No. 3*, promulgated by the Secretary of Labor, which provides:

"Where a single award is made in any amount exceeding $10,000 on a single invitation, and for reasons of convenience, several formal contracts are issued covering the award, each such contract is subject to the provisions of the Act, although each may happen to be for a sum not exceeding $10,000."

The question presented by the present action is whether or not this ruling is wholly without the sanction of statute.

■ The Administrative Procedure Act, c. 324, 60 Stat. 243, Sec. 10, 5 U.S. C.A. Sec. 1009, provides:

"Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion.

"(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof.

"(b) The form of proceeding for judicial review shall be any special statutory review proceeding relevant to the subject matter in any court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action (including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus) in any court of competent jurisdiction. Agency action shall be subject to judicial review in civil or criminal proceedings for judicial enforcement except to the extent that prior, adequate, and exclusive opportunity for such review is provided by law."

Among other sanctions, the Act provides that violations of the required representations and stipulations in any contract for the purposes of the Act renders the contractor liable to the United States for liquidated damages in specified sums, and that any such sums due the United States "may be withheld from any amounts due on any such contracts or may be recovered in suits brought in the name of the United States of America by the Attorney General thereof." 41 U.S.C.A. § 36. Such a suit has been instituted in the United States District Court for the Eastern District of Tennessee for the recovery of the liquidated damages determined in the administrative proceedings to be due by these plaintiffs, and it is insisted by the Government that plaintiffs can defend that suit on the grounds here asserted that the Secretary of Labor exceeded his authority in determining that contracts may be grouped for the purpose of meeting the jurisdictional minimum limitation of $10,000 when entered into in response to a single invitation to bid, and that they thereby have an adequate remedy as respects their liability on the contracts. As pointed out by the plaintiffs, however, they have no control over that suit, as defendants might choose to abandon the suit, and no judicial review at their instance is provided by the Act, nor does the Act make provision for judicial review respecting the action of the Secretary of Labor in submitting their names for inclusion on the list of ineligibles to contract with governmental agencies. I do not agree, therefore, that plaintiffs have an adequate remedy under the statute. I am instead of the view that they are entitled to the review provided by Section 10 of the Adminis-

trative Procedure Act, supra, unless dismissal is required because of other reasons.

█ It is contended that this is a suit against the United States, to which consent has not been given. The Government arrives at this contention by assimilating the action of the Secretary of Labor to his action complained of in the case of Reynolds Corporation v. Morse, 84 U.S.App.D.C. 420, 174 F.2d 159, affirming the judgment and adopting the opinion of Chief Judge Laws in Reynolds Corporation v. Morse, D.C., 81 F. Supp. 137, 138, wherein it is said:

"* * * the complaint in this case is brought against improper parties defendant. The defendants named are officials of the Department of Labor, each of whom is sued in his individual capacity. The United States is not named, notwithstanding the sole relief sought is a declaratory judgment barring its possible rights (a) to deny for a period of time future contracts to plaintiff and (b) to bring suit against plaintiff for liquidated damages.

"From my study of applicable legal authorities, it appears a suit against an employee of the United States in his individual capacity is permitted only when personal action on the part of the employee is required to be restrained or commanded. The employee is permitted to be sued in personam because a judgment against the United States will not accomplish the relief to which the plaintiff is lawfully entitled. In such a case, it is not important that other officials of the United States shall be advised of the suit, or be bound by it, for the reason that the action commanded against the individual will grant. full and complete relief.

"* * * As previously stated, what the suit seeks is a judgment barring possible claims by the Unit-

ed States. The United States is the primary party in interest. Its claims may be asserted by officials other than those named in the suit, and in the event they are asserted, judgment against the individual defendants sued in this case may not be pleaded as res judicata."

In the Reynolds case plaintiff had asserted the defense of the statute of limitations in its motion to dismiss the administrative proceeding, brought for violation of its contracts with the Government by illegally employing child labor. Upon the denial of the motion to dismiss, plaintiff filed suit in this Court for a declaratory judgment that any action to recover liquidated damages for the alleged breaches of the contracts had been barred, and that contracts with the United States could not be refused plaintiff under the provisions of the Act, for the reason that the period of three years' limitation provided by the Act within which blacklisting might be imposed had expired. This did not comprise an assertion, as is here made, that the Secretary of Labor was arrogating authority not conferred by the statute, namely, that he has no authority under the Act respecting contracts with governmental agencies which do not exceed $10,000. As was said in Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 344, 56 L.Ed. 570, at page 577:

"The complainant did not ask the court to interfere with the official discretion of the Secretary of War, but challenged his authority to do the things of which complaint was made. The suit rests upon the charge of abuse of power, and its merits must be determined accordingly; it is not a suit against the United States."

While the language has reference to the failure of the plaintiffs to exhaust their administrative remedies, it seems appropriate here to quote from the opinion in the case of Parker v. Lester, D.C.Cal., 112 F.Supp. 433, at page 440: [1]

1. Reversed for different reasons, with specific approval of this holding, 9 Cir., 227 F.2d 708.

"* * * At the outset, however, attention must be directed to the fact that petitioners here do not challenge a factual determination made by the appeals board; rather, they complain that the regulations setting forth the appeals procedure are unauthorized by statute and Constitution and therefore void. No special familiarity with complicated factual situations is necessary for the granting of relief—no administrative expertese comes into play. The issue, here, is one wholly of law."

And at page 444:

"A limited injunction *and a declaration of rights will issue.*" [Emphasis supplied.]

I do not see how it can be said that a suit to declare that the Secretary of Labor has acted without the scope of his authority, and thereby to form the basis for an injunction against such action, is a suit against the United States. Congress has by the statute declared that the United States has no right to blacklist persons who do not meet the labor standards determined by the Secretary of Labor in the production of materials delivered to governmental agencies pursuant to contracts which do not exceed $10,000. If the Court should determine, when the case is heard on the merits, that the Act does not contemplate the grouping of such contracts entered into in response to a single invitation to bid, it would not then be declaring the rights of the United States, but rather it would declare that the Secretary of Labor has acted in violation of the Act, and that such action is void.

It is also urged by the defendants that the Court should, as a matter of discretion, dismiss the complaint and deny the injunction. Under this heading are grouped three arguments (1) errors, if any, in the administrative proceedings should be corrected by the court having the record before it (2) the balancing of conveniences points to denial of the preliminary injunction and (3) there is no probability that plaintiffs will ultimately succeed. Careful consideration has been given to all these arguments, including the argument that one of the contracts in question exceeded $10,000. This matter is in dispute, plaintiffs contending that the original bid and contract contained a typographical error, which was reported and corrected. In any event, it was reduced at the request of plaintiffs, and the matter as to whether it was an error understood by all parties to the contract can be determined at the trial on the merits. And, as regards the determination of the Secretary of Labor to the contrary, such determination, "if supported by the preponderance of the evidence, shall be conclusive." This circumstance does not, however, attend the other contracts which admittedly are in amounts less than $10,000. Defendants' motion to dismiss does not admit of a different construction than that set forth in the complaint. This decision is based upon the assertion that the Secretary of Labor has acted without statutory authority in grouping several contracts, each in amounts less than $10,000, all of which were entered into responsive to a single invitation to bid, in order to meet the statutory minimum jurisdiction.

The motion to dismiss will be denied, and, pending a determination in this case, defendants will be enjoined from taking any further action to cause the publication of ineligibility as to the plaintiffs under the provisions of Section 3 of the Act as a result of proceedings known as PC–639 in the Department of Labor.

Counsel will prepare an appropriate order and findings of fact and conclusions of law consistent with this memorandum to carry this decision into effect.